UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY R. BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY JAIL MEDICAL,<br><br>    Defendant. | Case No. 25-cv-03252-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, GRANTING *IN FORMA PAUPERIS* APPLICATIONS, AND DENYING MOTION FOR PRO BONO COUNSEL**<br><br>Re: Dkt. Nos. 2, 10, 12 |

Terry Bailey filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding events which occurred while he was incarcerated in Contra Costa County, California. Dkt. No. 11 ("Complaint"). For the reasons stated below, the Complaint is dismissed with leave to amend. Mr. Bailey's motions to proceed *in forma pauperis* are granted, and his motion to be appointed pro bono counsel is denied.

**I.    Background**

At all relevant times, Mr. Bailey was incarcerated at a detention facility in Contra Costa County, California. *See generally* Compl. As a defendant, Mr. Bailey names only "Contra Costa County Jail Medical." *Id*. at 2.

Mr. Bailey alleges that when he entered the detention facility he was "clean and healthy." *Id*. "The moment [he] started wearing inmate clothing [and] showering on M module," he developed a rash on his scrotum. *Id*. at 2–3.

Mr. Bailey sought medical treatment for the rash over a period of several months. At least three doctors prescribed at least three treatments, none of which were effective. *See id*. at 3.

Approximately eight months after the rash appeared, Mr. Bailey was sent to a dermatologist. The dermatologist prescribed "a[n] ointment version of" a cream prescribed by

1  another doctor. Mr. Bailey does not state whether this ointment was effective. *See id*.

2  As relief, Mr. Bailey seeks "compensation for gross negligence and pain and suffering." *Id*.

## II.   Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.  Analysis

Mr. Bailey has not identified a cognizable defendant or alleged a cognizable claim. Leave to amend is given so that he may do both.

### A.   Defendant

As noted above, Mr. Bailey named only "Contra Costa County Jail Medical" as a defendant. To impose liability upon such an entity on the legal theories asserted in the complaint, Mr. Bailey must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that the [entity] had a policy; (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Bailey has not alleged that his rash, or the ineffective treatment thereof, was

pursuant to an official policy or practice of the Contra Costa County Jail Medical Department. *See generally* Compl.

Mr. Bailey may instead be able to state a claim against an individual who caused his rash or failed to treat his rash. To do so, he must identify an individual defendant who is directly responsible for his injury. "In a § 1983 suit … each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). Under no circumstances is there liability under section 1983 on the theory that one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). It is insufficient for a plaintiff generally to allege that supervisors knew about a constitutional violation and that they generally created policies and procedures that led to the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

If Mr. Bailey chooses to amend, he **either** must identify a policy which caused his injury **or** identify individual defendants who are responsible for his injury.

### B.     Claim

Mr. Bailey states that he wishes to sue for negligence. *See id*. at 3. This claim fails because negligence is not actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding an allegation of gross negligence was insufficient to state a claim for denial of medical needs to prisoner).

If he chooses to amend, Mr. Bailey may attempt to plead a claim for deliberate indifference to a serious medical need rather than pleading a claim for negligence. "'The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer*, 511 U.S. at 832 (citation omitted). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a

sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 298 (1991)). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104).

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).[1] If Mr. Bailey wishes to state a federal civil rights claim against a doctor at Contra Costa County Jail, he must allege facts which meet the deliberate indifference standard. *See Farmer*, 511 U.S. at 832, 834. To do so, Mr. Bailey must show that the doctor knew of and disregarded an excessive risk to Mr. Bailey's health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Because Mr. Bailey appears to have received timely treatment, Mr. Bailey also must "show that [the doctor's] chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health,'" rather than constituting a mere difference of medical opinion. *Toguchi*, 391 F.3d at 1058.

**IV.   Counsel Motion**

Mr. Bailey's request for appointment of pro bono counsel is DENIED.

First, Mr. Bailey does not identify exceptional circumstances which would warrant the appointment of pro bono counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (stating that a district court may appoint counsel in "exceptional circumstances"); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) (explaining that there is no constitutional right to

---

[1] This does not limit Mr. Bailey's ability to pursue a medical malpractice lawsuit in state court.

4

counsel in a civil case). The fact that a *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify plaintiff to be appointed pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel does not require appointment of counsel). Second, because Mr. Bailey has not stated a cognizable claim or identified a cognizable defendant, at this time it does not appear that Mr. Bailey's lawsuit warrants counsel.

## V.     Conclusion

1. The Complaint does not state a cognizable claim against any defendant. The Complaint is DISMISSED WITH LEAVE TO AMEND. If he truthfully can provide facts to support a claim, Mr. Bailey may amend his claim.

2. The AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (25-cv-3252-PCP) and the words AMENDED COMPLAINT on the first page. In the amended complaint, Mr. Bailey must allege facts that demonstrate he is entitled to relief on every claim against every defendant. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

3. It is Mr. Bailey's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. Mr. Bailey is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

5. Mr. Bailey's motion to be appointed pro bono counsel is DENIED. Dkt. No. 10. This denial is without prejudice to renewal once Mr. Bailey has stated a cognizable claim.

5

6. Mr. Bailey's motions to proceed *in forma pauperis* are GRANTED. *See* Dkt. Nos. 2, 12. The initial partial filing fee is $10.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Bailey via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: October 6, 2025

P. Casey Pitts
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner

Court's Finance Office
United States District Judge